RECEIVED

MAR - 8 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

GOLDEN NUGGET LAKE CHARLES, LLC
f/k/a AMERISTAR CASINO LAKE CHARLES
LLC f/k/a CREATIVE CASINOS LOUISIANA, LLC

CIVIL ACTION NO. 2:15-02751

VERSUS

JUDGE JAMES T. TRIMBLE, JR.

W.G. YATES & SONS CONSTR. CO.

MAG. JUDGE KAY

## MEMORANDUM RULING

Pursuant to "Golden Nugget's Motion to Partially Dismiss Yates' Counterclaim" (R. #9), Plaintiff/Counterclaim defendant, Golden Nugget Lake Charles, LLC, f/k/a Ameristar Casino Lake Charles, LLC, f/k/a Creative Casinos of Louisiana, LLC ("Golden Nugget" or "Plaintiff") moves to dismiss the counterclaim[1] of Defendant/Counterclaim plaintiff, W.G. Yates & Sons Construction Company ("Yates") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Yates opposes the motion. For the reasons that follow, the motion will be granted.

## ALLEGATIONS

Yates entered into a construction contract with Creative Casinos Louisiana, LLC, for the construction of a casino resort, hotel and spa, which development was to be known as Mojito Pointe. Yates was the General Contractor for the project and Creative Casinos Louisiana, LLC was the Owner of improvements to be constructed on property on which it held a long term leasehold

---

[1] In its answer and counterclaim, Yates asserts that it intends to file a statement of lien and privilege pursuant to La.R.S. 9:4801 et. seq. In fact, Yates filed the "Statement of Claim and Privilege under Private Works Act" on December 23, 2015. Plaintiff's exhibit A. Yates further asks the court to recognize the lien.

interest. On October 3, 2012, Ameristar purchased the ownership interest in Creative Casinos Louisiana, LLC. Pinnacle then purchased Ameristar and the Golden Nugget and/or a related company named as defendant became the Owner for purposes of the construction contract on or about November 20, 2013. The contract originally had a Guaranteed Maximum Price ("GMP") of $265,826, 992, but was revised and increased to $437,776,573.

The Golden Nugget is an approximately $700 Million luxury five-star resort located in Lake Charles, Louisiana; it first opened to the public in December 2014.  The instant litigation involves a series of disputes between the owner (Golden Nugget) and the General Contractor (Yates). Specifically, the complaint alleges that Yates overbilled the Owner, failed to correct work that did not conform to the high quality standards agreed upon in the construction contract, and failed to be provide the appropriate records and/or documentation to support payment applications. The Golden Nugget is currently withholding approximately $18.7 Million (2.5% of the overall project value) allegedly to protect itself against estimated potential damages.

The Golden Nugget filed the instant litigation asserting the following claims against Yates; (1) breach of contract, (2) breach of warranty, (3) negligence, (4) negligent misrepresentation, (5) negligent suppression, and (6) declaratory judgment.  Yates alleges that the Golden Nugget is scheming with the subcontractors to give large discounts in exchange for immediate payments rather than face the possibility of a lengthy legal proceeding in order to obtain payment.

In its answer and counterclaim, Yates denies all allegations and asserts that the Golden Nugget is wrongfully withholding money from Yates and its subcontractors. Yates avers that the Golden Nugget has not acted in good faith, has withheld payments for work performed, has not

adequately cooperated in scheduling availabilities of rooms or building areas for corrective work, and has caused or contributed to delays in completing punch list items and corrective work.

In its answer, Yates asserts that it was filing a statement of lien and privilege pursuant to Louisiana Revised Statute 9:4801 et seq. to secure payment for the price of its work, including a lien and privilege on the leasehold interest and improvements owned by the Golden Nugget. Yates further seeks recognition of the lien and privilege by this court. It is this assertion that causes the Golden Nugget to bring the instant motion to partially dismiss. The Golden Nugget maintains that the statement of lien and privilege was filed untimely; the Golden Nugget seeks to have the court dismiss Yates' claim for recognition of the lien.

## FEDERAL RULE 12(B)(6)

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..."  This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff.[2]  The pleading must allege facts which, when taken as true, raise the pleader's

---

[2] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).

claim for relief beyond the level of speculation or suspicion.[3] Conclusions of law or recitations of

necessary elements of a claim will not suffice.[4]

The court's analysis is restricted to the pleading at issue, its proper attachments and

matters of public record.[5] A complaint must be dismissed under Rule12(b)(6) when it fails to

allege a valid legal claim upon which relief could be granted.[6] Moreover, dismissal is appropriate

only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief."[7]

## LAW AND ANALYSIS

The Golden Nugget maintains that because the Statement of Claim and Privilege was not

timely filed, it should not be recognized by the court. Yates was the General Contractor on the

building project for the Golden Nugget. On July 20, 2012, before Yates began its work on the

project, a written Notice of Contract was filed pursuant to Louisiana Revised Statute 9:4831.[8] A

Certificate of Substantial Completion was executed on December 1, 2014. The Project opened on

December 6, 2014 and has been occupied since that date. Louisiana Revised Statute 9:4822

provides as follows:

> A.  If a notice of contract is properly and timely filed in the manner
>     provided by R.S. 9:4811, the persons to whom a claim or

---

[3] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).
[4] Papasan v. Allain, 478 U.S. 265 (1986).
[5] Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278 (5th Cir. 2006) (internal citations omitted).
[6] Twombly, 550 U.S. at 555.
[7] Causey v. Sewall Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004)(quoting Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).
[8] Defendant's exhibit A.

privilege is granted by R.S. 9:4802[9] shall within thirty days after the filing of a notice of termination of the work;

   (1) File a statement of their claims or privilege.

   (2) Deliver to the owner a copy of the statement of claim or privilege. If the address of the owner is not given in the notice of contract, the claimant is not required to deliver a copy of this statement to the owners.

  B.  A general contractor to whom a privilege is granted by R.S. 9:4801 of this Part, and whose privilege has been preserved in the manner provided by R.S. 9:4811, shall file a statement of his privilege within sixty days after the filing of the notice of termination or substantial completion of the work.

* * *

The Louisiana Private Works Act ("LPWA") requires general contractors to record a statement of claim or privilege (a "Lien") in the mortgage records of the parish in which the work was performed "within sixty days after the filing of the notice of termination or substantial

---

[9] La. R. S. 9:4802 provides as follows:

  A.  The following persons have a claim against the owner and a claim against the contractor to secure payment of the following obligations arising out of the performance of work under the contract:

   (1) Subcontractors, for the price of their work.
   (2) Laborers or employees of the contractor or a subcontractor, for the price of work performed at the site of the immovable.
   (3) Sellers, for the price of movables sold to the contractor or a subcontractor that become component parts of the immovable, or are consumed at the site of the immovable, or are consumed in machinery or equipment used at the site of the immovable.
   (4) Lessors, for the rent of movables used at the site of the immovable and leased to the contractor or a subcontractor by written contract.
   (5) Prime consultant registered or certified surveyors or engineers, or licensed architects, or their professional subconsultants, employed by the contractor or a subcontractor, for the price of professional services rendered in connection with a work that is undertaken by the contractor or subcontractor.

5

completion of the work."[10]  A project reaches substantial completion when "the owner accepts the improvement, possesses or occupies the immovable. . . ."[11]

The Golden Nugget maintains that Yates must have properly filed a statement of claim or privilege by early February 2015 to timely preserve it. Thus, because Yates  filed the statement of claim or privilege on December 23, 2015, over a year after the property was occupied, it was substantially more than 60 days after substantial completion and therefore untimely.  The Golden Nugget maintains that Yates' right to a claim and privilege has been extinguished.[12] The Golden Nugget seeks to have Yates' counterclaim relating to its claim and privilege against the Golden Nugget dismissed for failure to state a claim upon which relief can be granted.

Yates acknowledges that a Certificate of Substantial Completion was executed on December 1, 2014 by Yates, the Golden Nugget and the Project architect.  However, Yates complains that the Certificate of Substantial Completion has not been recorded in the mortgage records for the Parish of Calcasieu, as set forth in La. R.S. 9:4822(E). Likewise, the Golden Nugget has not filed a notice of termination of the Project work as set forth in Louisiana Revised Statute 9:4822(E).

The LPWA regulates the rights and responsibilities of persons involved in the construction and improvements of an immovable.[13] The LPWA "protects contractors, laborers, suppliers of

---

[10] La. R.S. 9:4822(B).
[11] La. R.S. 9:4822(H).
[12]  See Louisiana Revised Statute 9:4823(A)(1).
[13] In re Whitaker Const. Co., Inc., 439 F.3d 212, 216 (5th Cir. 2006).

6

material and others who contribute to construction projects by granting them a privilege on the immovable to secure the price of their work.[14]

Yates relies in part on Louisiana Revised Statute 9:4811(D) as to the requirement of timely filing of a notice of contract as follows:

> A general contractor shall not enjoy the privilege granted by R.S. 9:4801 if the price of the work stipulated or reasonably estimated in his contract exceeds twenty-five thousand dollars unless notice of the contract is timely filed.

Yates remarks that it is undisputed that the Notice of Contract was timely filed in accordance with Louisiana Revised Statute 9:4804. Yates then relies on Louisiana Revised Statute 9:4811(D) which sets forth the procedure for a general contractor to preserve the privilege granted by Louisiana Revised Statute 9:4801.

> A general contractor to whom a privilege is granted by R.S. 9:4801 of this Part, and whose privilege has been preserved in the manner provided by R.S. 9:4811, shall file a statement of his privilege within sixty days after the **filing** of the notice of termination or substantial completion of the work.(Emphasis added).

Accordingly, Yates argues that the Notice of Contract must be timely filed after which the general contractor must file a statement of privilege within sixty (60) days after the filing of the notice of termination or substantial completion of the work.  Yates asserts that the Golden Nugget incorrectly alleges that Yates failed to fulfill the second requirement of timely filing the Lien.

---

[14] Id. Norman H. Voelkel Const., Inc. v. Recorder of Mortgages for East Baton Rouge Parish and Heck Industries, Inc., 859 So.2d 9, 12 (La.App. 1 Cir. 6/27/03),  writ denied, 857 So.2d 488 (La. 10/31/03).

Yates remarks that the Golden Nugget failed to file either a notice of termination or a certification of substantial completion as contemplated by Louisiana Revised Statute 9:4822(B). Thus, because the Golden Nugget failed to file either the notice of termination or a certificate of substantial completion, the time period for which Yates must filed its statement of claim never started to run. Yates informs the court that the Louisiana states courts and the federal Fifth Circuit Court of Appeals, in considering the filing requirement procedure in Louisiana Revised Statute 9:4822, has concluded that if the notice of contract is filed, but the notice of termination or certificate of substantial completion is not filed or is deficient, the time periods for claimants to file their statements of privilege do not start to run. Yates further relies on the First Circuit Court of Appeal ruling in Bernard Lumber Co., Inc. v. Lake Forest Constr. Co., which held that because the notice of termination had not been filed, "the tolling period for filing claims was never activated.[15]

The court of appeal reasoned that because the contract/notice of termination procedure provides an owner with a method for cutting off the valid assertion of potential claims or privileges, and the statutes requires an affirmative action be taken by the owner, when the owners fails or neglects to take such affirmative action, he should be made to bear the consequences of his failure to file a notice of termination, not the claimant. Thus, because Louisiana Revised Statute 9:4822(A) clearly places the onus on the owner to file a notice of termination when a notice of contract has been filed, the 30-day period is the applicable time period for filing a statement of claims and privileges when a notice of contract has been filed.

---

[15] 572 So.2d 179 (La.App. 1 Cir. 1990).

The Golden Nugget argues that Louisiana Revised Statute 9:4822 (A) and (C)[16] applies to subcontractors and not the general contractor and subsection (B) establishes the lien period applicable to a general contractor.   The Golden Nugget maintains that subsection (B) does not require a filing of a certificate of substantial completion, but only that there be  "substantial completion of the work," noting that had the legislature intended for a certificate of substantial completion of the work be filed, the provision would have so provided.  The Golden Nugget further relies on the fact that "substantial completion" is statutorily defined in La. R.S. 9:4822(H).[17] In other words subsection B does not require that a document (certificate of substantial completion) be filed, only that the project be substantially completed. Thus, the Golden Nugget maintains that a "notice of termination" is a document that may be filed, while "substantial completion" is a state of construction defined by statute and not a document to be filed. The Golden Nugget relies on Paul Hyde, Inc. v. Richard,[18] wherein the court explained that:

> It is not disputed that there was no 'notice of termination' filed in this case. La. R.S. 9:4822(H) states that a work is 'substantially

---

[16] This section provides the following:

> Those persons granted a claim and privilege by R.S. 9:4802  for work arising out of a general contract, notice of which is not filed, and other persons granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall filed statement of their respective claims an privileges within sixty days after:
> (1)  The filing of a notice or termination of the work; or
> (2)  The substantial completion or abandonment of the work, if a notice of termination is not filed.

[17] Subsection H provides as follows:

> A work is substantially completed when:
> (1)  The last work is performed on, or materials are delivered to the site of the immovable or to that portion or area with respect to which a notice of partial termination is filed; or
> (2)  The owner accepts the improvement, possesses or occupies the immovable, or that portion or area of the immovable with respect to which a notice of partial termination is filed, although minor or inconsequential matters remain to be finished or minor defects or errors in the work are to be remedied.

[18] 854 So. 2d 1000 (La.App. 4th Cir. 2003).

completed' when: . . . The owner accepts the improvement, possesses or occupies the immovable...[19]

The Golden Nugget comments that the Paul Hyde court does not mention a requirement of filing a certificate of completion, but refers only to when a project reaches the state of substantial completion. The Golden also relies on In re Tuscany Reserve, LLC,[20] wherein the court relied on the date on which the projects was substantially completed and not on the filing of a certificate of substantial completion to start the date for which a lien must be filed.

The Golden Nugget challenges Yates' reliance on Bank of Benice v. D'Arbonne Lake Lodge, Inc.[21] First, the Golden Nugget notes that this case analyzed the pre-1989 version of the lien statute under which only the filing of the notice of termination could trigger a general contractor's lien clock. Second, the Golden Nugget informs the court that in D'Arbonne, the court considered a "certificate of substantial completion" and a "notice of termination" as different terms for the same document, but that "substantial completion" is a statutorily defined state of construction, the date of which may be identified within a notice of termination. Because the version of the statute analyzed in Bank of Bernice only allowed for one triggering event to start a general contractor's lien clock—the filing of a notice of termination—the court considered the certificate of substantial completion to be a notice of termination that started the general contractor's lien period. Thus, the Golden Nugget argues that the triggering event in the revised

---

[19] Id.
[20] 2011 WL 831596, Bankr. No. 09-11027(Bankr. Ct.M.D. La. March 3, 2011).
[21] 541 So.2d 354 (La.App. 2 Cir. 1989).

statute is when the work is substantially completed, and not the filing of a certificate of substantial completion of the work.

The court agrees with the Golden Nugget that there is no filing requirement of a certificate of substantial completion. If a notice of termination is not filed, then the 60 day filing period commences upon the substantial completion of the work, which in this matter is undisputedly December 1, 2014. We must therefore conclude that Yates' December 23, 2015 filing of the Statement of Claim and Privilege Under Private Works Act" is untimely.

## CONCLUSION

For the reasons set forth above, the motion for partial dismissal will be granted dismissing with prejudice Yates' claim for a statutory lien.

THUS DONE AND SIGNED in chambers on this __8th__ day of March, 2016.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE