U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG - 9 2017

TONY R. MOORE, CLERK
BY: _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| GOLDEN NUGGET LAKE CHARLES, LLC f/k/a AMERISTAR CASINO LAKE CHARLES LLC f/k/a CREATIVE CASINOS LOUISIANA, LLC | CIVIL ACTION NO. 2:15-02751 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| W.G. YATES & SONS CONSTR. CO. | MAG. JUDGE KAY |

### MEMORANDUM RULING

Before the court is "Golden Nugget Lake Charles, LLC's Motion to Dismiss Dannix Painting, LLC's Cross-Claim" (R. #142) wherein plaintiff/cross-claim defendant, the Golden Nugget seeks to have the unjust enrichment claim asserted by defendant/cross-claim plaintiff, Dannix Painting dismissed with prejudice. The Golden Nugget asserts that Dannix Painting has not alleged any viable cause of action under Louisiana law against Golden Nugget. Dannix asserts that it has pled a valid cause of action against Golden Nugget because it was enriched by Dannix's performance, and it would be unjust for Golden Nugget to retain such benefit when it has refused to compensate Yates.

### ALLEGATIONS

The Golden Nugget filed the original complaint against W.G. Yates & Sons Construction Company ("Yates") which arose out of the construction of the Golden Nugget Lake Charles Hotel & Casino. The Golden Nugget is the owner and operator of the Hotel and Yates was the general contractor on the project.[1] The Golden Nugget admits it has not fully paid Yates for the work it

---

[1] R. #1, ¶ #5.

1

and its subcontractors performed; consequently, Yates has not paid its subcontractors. Dannix is one of many subcontractors Yates has not paid.

Yates filed a Third-Party Petition against its contractors, including Dannix and Dannix answered denying that any of its work was defective and further counterclaimed against Yates for its failure to pay Dannix $175,000 for work performed. Dannix also filed a cross-claim against the Golden Nugget for unjust enrichment alleging that the Golden Nugget received a benefit from Dannix's work on the project. In the instant motion, the Golden Nugget is seeking to have this claim of unjust enrichment dismissed.

## RULE 12(B)(6) STANDARD

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..." This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff.[2] The pleading must allege facts which, when taken as true, raise the pleader's claim. A motion to dismiss for failure to state a claim should be denied unless "it appears to a

---

[2] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).

*certainty* that the plaintiff would be entitled to no relief under any state of facts" alleged in the petition.[3]

Only those facts which are well-pleaded and state a "plausible claim for relief" must be accepted.[4] A claim is plausible when the court can reasonably infer from the facts that the defendant is liable to the plaintiff; a claim is not plausible when it only states conclusions of a "formulaic recitation of the elements of a cause of action."[5] However, even those facts which are extremely doubtful are to be assumed correct.[6]

## LAW AND ANALYSIS

Under Louisiana law, a party who has been "enriched without cause at the expense of another [party] is bound to compensate that [party]."[7] The elements of an unjust enrichment claim are: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and resulting impoverishment; (4) an absence of justification or cause for enrichment and the impoverishment; and (5) there is no other remedy at law available to the plaintiff.[8]

Dannix asserts the following to establish these elements: (1) the Golden Nugget was enriched by $175,000 worth of work Dannix performed on the project; (2) Dannix has been impoverished in that it has not been paid for $175,000 for work performed; (3) the Golden Nugget's failure to pay Yates for the work on the project has directly led to Yates' failure to compensate Dannix for its work on the project; (4) Dannix performed its work at the direction of

---

[3] Banco Contintental v. Curtiss Nat'l Bank of Miami Springs, 406 F.2d 510, 514 (1969)(quoting Arthur H. Richland Co. v. Harper, 302 F.2d 324, 325 (5th Cir. 1962)(citing Des Isles v. Evans, 200 F.2d 614, 615 (5th Cir. 1952); Millet v. Godchaux Sugars, Inc., 241 F.2d 264, 265 (5th Cir. 1957)).
[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
[5] Whitley v. Hanna, 726 F.3d 631, 638 (2009)(quoting Ashcroft, 556 U.S. at 678).
[6] Twombly, 550 U.S. at 555; Lindquist v. City of Pasadena, 525 F.3d 383, 386 (5th Cir. 2008).
[7] La. Civ. Code. Ann. Art. 2298 (2017).
[8] Baker v. Maclay Properties Co., 648 So.2d 888, 897 (La. 1995).

Yates; because it was performed in a workman like manner, there is no justification for the Golden Nugget's failure to pay; (5) Dannix has no available remedy at law as against the Golden Nugget because it had no contract with Golden Nugget.

The Golden Nugget maintains that because Dannix has another available legal remedy—its breach of contract claim against Yates—the claim of unjust enrichment against the Golden Nugget must fail. Louisiana Civil Code article 2298 provides as follows:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The unjust enrichment remedy is "only applicable to fill a gap in the law where no express remedy is provided."[9] Just because a plaintiff's claims against one defendant may ultimately prove unsuccessful does not mean that the plaintiff has no legal remedy available to it as is required to state a claim for unjust enrichment.[10] ""[R]esort to the extraordinary remedy of unjust enrichment is not appropriate when the impoverished party has a legal remedy against any party to prevent the loss."[11]

---

[9] Walters v. MedSouth Record Mgmt, LLC, 38 So.3d 243, 244 (La. 6/4/2010).
[10] See Pinegrove Elec. Supply Co. v. Cat Key Constr., Inc., 88 So.3d 1097 (La.App. 5 Cir. 2/28/12)(citing Carrier v. Bank of La., 702 So.2d 648, 672 (La. 12/13/96), on reh'g (11/3/97))("The existence of a 'remedy' which precludes application of unjust enrichment does not connote the ability to recoup your impoverishment by bringing an action against a solvent person. It merely connotes the ability to bring the action or seek the remedy.").
[11] V & S Planting Co. v. Red River Waterway Comm'n, 472 So.2d 331, 336 (La. App. 3 Cir. 1985).

4

There is no doubt that Dannix has a remedy against its general contractor, Yates, as evidenced by its counterclaim in this lawsuit. Accordingly, the court finds that the claim of unjust enrichment against the Golden Nugget fails as a matter of law.

## CONCLUSION

For the reasons set forth above, Dannix's claims of unjust enrichment against the Golden Nugget will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this ___9th___ day of August, 2017.

_____
JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**